IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHAS SIMONSON,

                                                                      ORDER

                      Petitioner,

                                                  07-cv-00397-bbc

    v.

RANDALL HEPP, Warden,
Jackson Correctional Institution,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Chas Simonson has filed objections to the magistrate judge's report and recommendation entered on October 19, 2007, recommending denial of petitioner's § 2254 request for relief from his state court conviction and sentence for first degree sexual assault. From my review of the record, the magistrate judge's report, the parties' briefs and the objections, I am persuaded that the magistrate judge's recommendation is the correct one in this case. Petitioner has not shown that the state court of appeals' decision was based on either an unreasonable application of federal law or an unreasonable determination of the facts, as he must if he is to succeed in obtaining a writ of habeas corpus.

      Petitioner raises two challenges: (1) he was denied a fair trial when the court refused

1

to allow him to introduce evidence about an alternative cause for the seven-year-old victim's damaged hymen and (2) he was sentenced on the basis of improper and inaccurate information, all in violation of the due process clause of the Fourteenth Amendment. In order to prevail on the first contention, petitioner must show that the evidence he wished to introduce would have complied with state procedures and rules designed to assure both fairness and reliability. He cannot make this showing. The record reveals that the trial judge acted properly when he ruled petitioner's evidence inadmissible for lack of foundation.

In attempting to show that the victim could have suffered a damaged hymen by some other means than sexual penetration, petitioner wanted to question the victim's mother about the procedure she and the child's grandmother had used to relieve the child's constipation when she was one year old. Petitioner wanted also to testify to his own observation of the efforts. He believed that from the mother's testimony, his own and that of the state's expert, who testified that a small child's hymen is easily torn and damaged if there is pressure put directly on the tissue or near it, the jury could draw a proper inference that the efforts to relieve the constipation were the cause of any damage to the victim's hymen. This would tend to rebut the state's case that petitioner had had sexual intercourse with the child when she was seven.

The state court's decision to exclude the proffered evidence was not unreasonable. Without specific expert testimony, the testimony would have been highly speculative. Not

2

only did the victim's mother tell the court that she never took part in any such procedure, but petitioner would have been describing something that he had seen six years earlier. Moreover, petitioner had no witness who could tell the jury that, assuming that petitioner was testifying truthfully and accurately about the process, the pressure applied to the victim would have been likely to damage her hymen.  When the state's medical expert testified, she was not asked about the potential effect of the kind of pressure petitioner wanted to describe and therefore had no opportunity to discuss the subject.  Neither the jury nor the court could have known what she might have said had she been asked.  In essence, as the trial court held, the jury would have been asked to speculate on a subject on which laypersons are not knowledgeable and on which expert testimony was missing.

To prevail on his second contention, petitioner must show that the state court relied upon inaccurate or irrational findings when it sentenced him.  United States v. Tucker, 404 U.S. 443, 447 (1972) (finding sentence unconstitutional when sentencing judge was unaware that two of defendant's three previous convictions were obtained unconstitutionally).  In imposing a sentence on petitioner, the court discussed the damage to the victim, which it called irreparable, the seriousness of assaulting a seven-year-old and the need to protect the public.  Dkt. #5, Exh. K, at 28-30.  It then stated its belief that petitioner would be likely to re-offend  because in its experience, "individuals who undertake this type of behavior typically do it more than once with more than one victim."  Id. at 30.

3

At a postconviction hearing held almost four years later, the trial court stated that when it had sentenced petitioner, it had based its decision that petitioner would be likely to re-offend on all the facts and circumstances of the case and not solely on generalized information about the likelihood of all sex offenders to re-offend. Dkt. #5, Exh. B, App. 13-14.

In reviewing the trial court's decision, the state court of appeals found that the trial court had not based its sentence on generalized information about the likelihood of child offenders to re-offend but on the facts and circumstances of the entire case. Dkt. #5, Exh. E. at 7. The court of appeals' finding is not entirely accurate. The trial court said only that it did not base its sentence *solely* on the information about sex offenders in general. However, from what the trial court said, it is reasonable to infer that the court would have imposed the same sentence on petitioner with or without the generalized information about sex offenders. Many aspects of petitioner's circumstances suggested that he would continue to pose a danger to the community: the seriousness of his crime, his unwillingness to accept responsibility for his crime and his involvement in a questionable incident with two young teens several years before. It was not unreasonable for the trial court to believe that he would be likely to re-offend.

In summary, I see no reason to come to a different conclusion on the disposition of this petition from the one recommended by the magistrate judge.

ORDER

IT IS ORDERED that the magistrate judge's recommendation to deny this petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is ADOPTED. FURTHER, IT IS ORDERED that petitioner Chas Simonson's petition for a writ of habeas corpus is DENIED.

Entered this 21st day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge