IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHAS SIMONSON,

                  Petitioner,                          ORDER

    v.                                                 3:07-cv-0397-bbc

RANDALL HEPP, Warden,
Jackson Correctional Institution,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court is Chas Simonson's request for a certificate of appealability from this court's judgment entered on November 21, 2007, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the $455 appellate filing fee.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order to make this showing, a petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

1

further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner seeks a certificate of appealability with respect to the two claims raised in his habeas petition: 1) he was denied a fair trial when the court refused to allow him to introduce evidence about an alternative cause for the seven-year-old victim's damaged hymen; and 2) he was sentenced on the basis of inaccurate information in violation of the Fourteenth Amendment. The magistrate judge reviewed all of petitioner's claims, and I adopted his report and recommendation. Because I agree that reasonable jurists could debate that the petition should have been resolved in a different manner, I am granting petitioner's request for a certificate of appealability with respect to both claims.

I denied petitioner's first claim on the ground that the state court reasonably excluded petitioner's proffered evidence of an alternative cause of damage to the victim's hymen on the ground that it was speculative. At trial, the state's medical expert testified that a small child's hymen is easily torn and damaged if there is pressure applied directly on or near the tissue. The state court found that this single reference to the application of pressure would not adequately inform the jury whether pressing one's thumbs on the exterior of a child's vagina was likely to damage her hymen. Although I agree that the state appellate court did not make an unreasonable determination of fact or law, jurists of reason might debate

2

whether the nurse's testimony provided adequate foundation for petitioner's alternative cause for the damage to the victim's hymen.

With respect to petitioner's second claim, the state court of appeals found that the trial court had not based its sentence on generalized information about the likelihood of child offenders to re-offend but on the facts and circumstances of the entire case. As explained in this court's Order, the court of appeals' finding is not entirely accurate because the trial court said only that it did not base its sentence *solely* on the information about sex offender recidivism. This court determined that given other aspects of petitioner's circumstances (his continued denial of guilt and questionable conduct with two young teens), it was not unreasonable for the trial court to believe that he would be likely to re-offend. This court also found it reasonable to infer that the trial court would have imposed the same sentence on petitioner with or without the generalized information about sex offenders. However, because reasonable jurists could debate these issues, I am granting petitioner's request for a certificate of appealability.

ORDER

IT IS ORDERED that petitioner Chas Simonson's request for a certificate of appealability is GRANTED.

Entered this 26th day of December, 2007.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4